## BALZ et v ORR

Ohio Appeals, 2nd Dist, Franklin Co

No 2337.   Decided Nov 15, 1933

Pugh & Pugh, Columbus, R. H. Roberts, Columbus, and C. S. M. Krumm, Columbus, for plaintiffs in error.

James A. White, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

We have considered this record with care, but will not attempt to quote therefrom in detail. The testimony is quite voluminous. To quote therefrom with any effect would require a repetition of a large portion of the testimony and this is. impractical in this decision. Our examination of the record satisfies us that the trial court was justified in overruling the motion of defendants to take the case from the jury at the conclusion of the testimony, as there is evidence in the record to justify a finding in favor of Orr, if certain of the testimony was believed by the jury.

Counsel for defendants have stressed with much force the claim that the verdict is against the manifest weight of the evidence.

There is a sharp conflict in the testimony as to the extent and nature of the services rendered by the said Orr for deceased. There is also a conflict as to whether such services were rendered gratuitously by Orr in the hope of some future reward by will or otherwise, or whether Orr expected to receive compensation for such services, and also whether the deceased intended to compensate Orr for such services in addition to other gratuities which were conferred by deceased upon Orr.

We think there is ample testimony in the record which, if believed by the jury, warranted the jury in finding that the deceased intended to compensate Orr, and that Orr expected to receive compensation from the deceased for the services so rendered. As above stated, there is a conflict in the tes-

timony in the above respects.

This conflict therefore became a question for the determination of the jury. The weight to be given the testimony of the various witnesses was a question peculiarly within the province of the jury.

It is unnecessary to cite authorities to support the rule that in case of a conflict in the testimony, the weight to be given the testimony of the different witnesses rests solely with the jury.

Among the many authorities that might be cited in support of the above rule is the opinion of our own Supreme Court in the case of **Theater Company v Lautermilch**, 118 Oh St, 167, wherein the rule is stated as follows:

"Whenever from conflicting evidence of the same witness or different witnesses it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact, upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for a court to invade that province of the jury."

From a consideration of the entire record, we would not feel justified in holding that the judgment is against the manifest weight of the evidence.

We find nothing in the record which we think would warrant a reviewing court in reversing upon the ground of misconduct of the jury or misconduct of the attorney for plaintiff.

The rule governing reviewing courts in reference to misconduct of counsel is well stated by our Supreme Court in the case of **Dock Company v Trapnell**, 88 Oh St, 516. The court in rendering its opinion, on page 521, says:

"Remarks of this kind are wholly improper in the trial of a case and it is the duty of the trial court to see that they are not made, or at least not persisted in, but something must be left to the discretion of a trial court, otherwise we would never reach an end to litigation, and a reviewing court ought not to reverse unless it clearly appears that such misconduct was of such a character and so persistent as to prevent a fair trial of the cause. While this court will sustain a trial court in compelling counsel to properly conduct their cause and refrain from all side remarks and unpro-

fessional conduct, either by direction to the jury to disregard these remarks and the punishment of counsel if they persist in offending, or by granting a new trial therefor, yet it will not reverse a judgment until it clearly appears that such conduct was prejudicial to the losing party."

We find no such misconduct in the record as would, under the rule above quoted, justify a reviewing court in reversing the judgment.

We have examined the special charges requested which were refused and find no prejudicial error in such refusal.

We have also carefully considered the charge of the trial court and when the charge is read and considered as a whole, we think it fully and fairly presented the issues in the case for the consideration of the jury and was not prejudicial to the rights of defendants.

It is also urged that notwithstanding the reduction of the verdict in the sum of $2500.00, by the trial court, that the amount for which judgment was rendered, viz., $3500.00, is still shockingly excessive.

From our consideration of that portion of the record which relates to the nature and extent of the services claimed to have been rendered by Mr. Orr for the deceased, we are of opinion that the judgment contains a liberal allowance for such services, but we are not prepared to say that the judgment is so clearly excessive as to warrant a reviewing court in disturbing the same upon that ground.

We have considered all of the grounds of error urged by counsel for defendants, but finding no error in the record which we consider prejudicial to their rights, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.